728 A.2d 270

HELEN MARAGLIANO, PLAINTIFF–RESPONDENT, v. GEORGE MARAGLIANO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 29, 1999—Decided May 5, 1999.

Before Judges HAVEY, SKILLMAN and LESEMANN.

*Sunshine, Atkins, Minassian & Tafuri*, attorneys for appellant (*Jay R. Atkins* and *Christian L. Beane*, on the brief).

*Robert E. Landel*, attorney for respondent.

The opinion of the court was delivered by

SKILLMAN, J.A.D.

This is an appeal from an interlocutory order, entered on September 25, 1998, which denied defendant's motion seeking, among other things, the removal of the court-appointed Special Fiscal Agent and Rent Receiver (the Receiver) and the vacation of a series of orders entered by the Receiver. We granted leave to appeal because of our concerns about the trial court's delegation of judicial powers to the Receiver.

On September 8, 1997, the court entered an order consented to by defendant's original counsel appointing the Receiver to manage defendant's investment properties. In addition to the usual provisions, this order stated:

4. In addition to authority and responsibility provided in paragraphs 1, 2 and 3 above, the Special Fiscal Agent and Rent Receiver, Seymour Chase, shall have submitted to him any and all pretrial motions and applications in writing. Upon receipt of any such applications, the Special Fiscal Agent and Rent Receiver shall render his decision, in writing.

5. Upon the decision of the Special Fiscal Agent and Rent Receiver, both Plaintiff and Defendant shall have ten (10) days in which to appeal said decision to this Court. If [sic] the event that any party does not do so, their right to appeal said decision will be deemed waived.

This order further provided that the Receiver could charge "a fee of 5% of the rental income collected and his services at an hourly rate of $275.00 per hour."

Pursuant to these provisions, the Receiver subsequently issued a series of orders, including one which increased defendant's

support obligations and awarded plaintiff counsel fees and another which ordered the sale of certain properties and business equipment owned by defendant and his companies. Defendant, who was representing himself at that time, did not seek review by the court of any of these orders, as authorized by paragraph five of the September 8, 1997 order.

On August 26, 1998, after he had retained new counsel, defendant filed a motion for the removal of the Receiver and the vacation of all orders he had entered. This motion also sought a reduction in the support obligation which the Receiver had imposed and various other related relief. Defendant's certification submitted in support of this motion asserted that although he had authorized his prior attorney to consent to the appointment of a rent receiver, he had not consented to the part of the September 8, 1997 order which delegated more expansive powers to the Receiver. Defendant objected to the court's purported delegation of judicial authority to the Receiver and also asserted that the Receiver's orders exceeded the authority conferred upon him by the September 8, 1997 order. In addition, defendant alleged that the Receiver had mismanaged his properties.

The trial court denied the motion, without discussion of its authority to delegate judicial decision-making authority to a receiver.

In granting defendant's motion for leave to appeal from the order memorializing this ruling, we stayed all "further action" by the Receiver pending the outcome of the appeal. On December 14, 1998, we entered a further order which vacated the support order entered by the Receiver and remanded the case to the trial court for entry of an appropriate pendente lite support order. Pursuant to this limited remand, the trial court subsequently entered a support order.[1]

---

[1] That order is not before us on this interlocutory appeal from the order entered on September 25, 1998.

■ If a trial court finds that a supporting spouse has "default[ed] in complying with [a pendente lite support order]" or "neglect[ed] or refus[ed]" to give "reasonable security" for the "observance" of such an order, it may "award and issue process for the immediate sequestration of the personal estate, and the rents and profits of the real estate of the party so charged, and appoint a receiver thereof." *N.J.S.A.* 2A:34–23. Moreover, the court may "cause such personal estate and the rents and profits of such real estate, or so much thereof as shall be necessary, to be applied toward such alimony and maintenance as to the said court shall from time to time seem reasonable and just." *Ibid.* Therefore, a court has the authority in appropriate circumstances to appoint a receiver to manage the property of a supporting spouse to assure compliance with pendente lite support obligations. See *Culp v. Culp,* 242 *N.J.Super.* 567, 570–71, 577 *A.*2d 872 (Ch.Div. 1990).

■ However, the Divorce Act does not authorize a court to delegate judicial powers to a receiver. The only authorization brought to our attention for a delegation of judicial authority is *Rule* 4:41, dealing with the appointment of masters, which is made applicable to family actions by *Rule* 5:1–1. *Rule* 4:41–1 provides in part:

The reference for the hearing of a matter by a judge of the Superior Court shall be made to a master only upon approval by the Assignment Judge, and then only when all parties consent or under extraordinary circumstances.

*Rule* 4:41–3 provides in part:

The order of reference may specify or limit the master's powers and may direct the master to report only upon particular issues or to do particular acts or to receive and report evidence only. Subject to such specifications and limitations, the master has and shall exercise the power to regulate all proceedings in every hearing, to pass upon the admissibility of the evidence and to do all acts necessary or proper for the efficient performance of the duties directed by the order.

*Rule* 4:41–5 provides in part:

(a) Contents and Filing. The master shall prepare a report upon the matters submitted including any findings of fact and conclusions of law required by the order....

(b) *In Non–Jury Actions.* In an action to be tried without a jury the court shall accept the master's findings of fact unless contrary to the weight of the evidence. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties and may move the court for action upon the report and the objections thereto. The court after hearing on the motion may adopt the report, modify or reject it in whole or in part, receive further evidence, or recommit it with instructions.

Although the powers which the trial court conferred on the Receiver were clearly broader than those authorized by *N.J.S.A.* 2A:34–23, it is unclear whether the court conceived that it was acting pursuant to *Rule* 4:41 in also delegating judicial authority to the Receiver. Paragraphs four and five of the September 8, 1997 order do not directly follow the provisions of *Rule* 4:41, and there is no indication the Receiver's appointment was approved by the Assignment Judge.

In any event, absent extraordinary circumstances, which were not shown in this case, a master may be appointed "only when all parties consent." *R.* 4:41–1. Defendant alleges that he never consented to the delegation of judicial power to the Receiver, and plaintiff does not directly dispute this allegation. Furthermore, even if defendant had originally given such consent, it clearly was withdrawn when he retained his present counsel. Therefore, the trial court should have granted the part of defendant's motion which sought to vacate paragraphs four and five of the September 8, 1997 order. Moreover, because there are serious questions as to whether defendant gave knowing consent to those provisions and whether the court had authority to enter such an order even with consent, we also conclude that all orders issued by the Receiver under the purported authority of the September 8, 1997 order should be vacated. The orders entered by the Receiver include not only the support order which we vacated by our order of December 14, 1998, but also an order directing the sale of the business property located at 14 Jay Street in Norwood. Finally, although defendant did not establish that the Receiver mismanaged his properties or exceeded the expansive powers conferred upon him by the September 8, 1997 order, it would appear that a receiver's responsibilities under *N.J.S.A.* 2A:34–23

could be performed by another person, such as an accountant, for a substantially smaller amount than is being charged by the current Receiver. Consequently, defendant should be afforded an opportunity to renew his motion for removal of the Receiver on this basis.

Accordingly, we reverse paragraphs two and five of September 25, 1998 order, and vacate all orders entered by the Receiver. In addition, we note that paragraph seven, relating to support, was vacated by our order of December 14, 1998. We affirm paragraph one of the September 25, 1998 order, which denied defendant's motion for removal of the Receiver, without prejudice to the renewal of that motion in light of this opinion. Paragraph eight, which denied defendant's application for counsel fees, is affirmed. Paragraphs three, four and six of the order are vacated and remanded for reconsideration in light of this opinion.